

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-5-2006

# Azubuko v. Zobel

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5328

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Azubuko v. Zobel" (2006). *2006 Decisions*. Paper 1149.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1149

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-5328
_____

CHUKWUMA E. AZUBUKO,
Appellant

vs.

RYA W. ZOBEL, JUDGE, In Official and Individual Capacity; DOCIA L. DALBY,
MAGISTRATE JUDGE, In Official and Individual Capacity; THE BOSTON'S PUBLIC
SCHOOLS; LEO T. SOROKIN; THE CHIEF-IN-CHIEF, UNITED STATES
MARSHALLS, In Official and Individual Capacity
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-03888)
District Judge: Honorable Joel A. Pisano
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 4, 2006
Before:  FISHER, ALDISERT AND WEIS, CIRCUIT JUDGES
(Filed May 5, 2006)

_____

OPINION
_____

PER CURIAM.

In August 2005, Chukwuma Azubuko filed a pro se complaint in the United

States District Court for the District of New Jersey against the following defendants: Rya

Zobel, Judge for the United States District Court for the District of Massachusetts; Leo Sorokin, Magistrate Judge for the United States District Court for the District of Massachusetts; Docia Dalby, Magistrate Judge for the United States District Court for the Middle District of Louisiana; the Boston Public School System; and the United States Marshall for the District of Massachusetts. By order entered August 17, 2005, the District Court granted Azubuko's motion to proceed in forma pauperis and dismissed his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). In conjunction with the dismissal, the District Court ordered Azubuko to show cause in writing why he should not be enjoined pursuant to the All Writs Act, see 28 U.S.C. § 1651, from filing any further actions in the District Court for the District of New Jersey without prior approval.

Azubuko did not respond to the show cause order. Instead, on September 1, 2005, Azubuko filed a motion for reconsideration of the District Court's August 17 order, which the District Court denied on September 13, 2005. In the meantime, by order entered September 7, 2005, the District Court entered the injunction, finding that Azubuko had failed to show cause why the injunction should not be imposed. Azubuko then filed a motion for reconsideration of the District Court's September 7 order, arguing that the injunction was "treason[ous]" and "Third World-like." Azubuko's second motion for reconsideration was denied by order entered September 23, 2005. On November 15, 2005, Azubuko filed a motion to recuse District Court Judge Pisano pursuant to 28 U.S.C. § 455(a), asserting that Judge Pisano's September 7 order was "inhuman, preposterous,

2

and Saddam Husseinistic." The District Court denied Azubuko's recusal motion by order entered November 18, 2005. On December 7, 2005, Azubuko filed the underlying notice of appeal, indicating his intention to appeal only the November 18, 2005 order.

This Court has jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's denial of a recusal motion for abuse of discretion. Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir. 2000). Under the circumstances presented here, we have little difficulty concluding that the District Court did not abuse its discretion in denying Azubuko's recusal motion.

Under § 455, a judge must recuse where his impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). Azubuko points to the District Court's September 7, 2005, order to support his claim that Judge Pisano's personal feelings clouded his professional judgment. However, "[w]e have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm, 224 F.3d at 278; see also Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 1990) ("Disagreement with a judge's determinations and rulings cannot be equated with the showing required to so reflect on impartiality as to require recusal."). Moreover, we find nothing in the record to suggest "a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994). Nor do we perceive any facts from which a reasonable person would conclude that the impartiality of Judge Pisano might reasonably be questioned. See Edelstein v. Wilentz, 812 F.2d 128,

131 (3d Cir. 1987).

For the foregoing reasons, we will affirm the District Court's November 18, 2005, order denying Azubuko's motion for recusal.